NO. 12-00-00271-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


JAMIE LEE BLEDSOE,
§
 APPEAL FROM THE 273RD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SHELBY COUNTY, TEXAS

 

PER CURIAM OPINION ON REHEARING


 Counsel for Appellant filed a brief in compliance with Anders v. California, 386 U.S. 738,
187 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) in which he states that he diligently reviewed the appellate
record and concluded that the record reflects no reversible error. Counsel also informed the court
that a copy of the brief and record was mailed to Appellant and that Appellant had been informed
that he had a right to review the record and file a pro se response. Appellant disputed his counsel's
contentions, but counsel furnished this court with satisfactory documentation of the mailing. After
conducting an independent review of the record, this court delivered an opinion on May 8, 2002
affirming Appellant's conviction for the offense of escape, enhanced, and granting counsel's motion
to withdraw. Bledsoe v. State, No. 12-00-00271-CR (Tex. App.--Tyler May 8, 2002, no pet. h.) (not
designated for publication), 2002 WL 962251. 

 Rule 49.1 of the Texas Rules of Appellate Procedure states that a motion for rehearing may
be filed within fifteen days after the court of appeals' judgment or order is rendered. Therefore,
Appellant was required to file his motion for rehearing no later than May 23, 2002. By timely
motions for extension of time filed in accordance with Rule 49.8, Appellant's time for filing his
motion for rehearing was extended to July 24, 2002. Prior to July 24, Appellant filed two motions,
which we consider as an original and a supplemental motion for rehearing. In his first motion,
Appellant again contends that he did not receive counsel's letter explaining his right to examine the
record in this cause and file a pro se response or a copy of the Anders brief and the record. He also
seeks various sanctions against his prior counsel. In Appellant's second motion, he advances several
arguments on the merits of his motion for rehearing.

 On July 22, 2002, counsel informed this court that (1) the copies and letter were mailed to
Appellant as represented by counsel and shown by the documentation, (2) counsel had recently
learned, after conducting a full investigation, that all of the materials had been returned and not
delivered to Appellant, (3) counsel had no prior knowledge of the returns, and (4) Appellant's
allegations of non-receipt of the materials are true. Based upon counsel's response, we conclude that
Appellant did not receive a copy of counsel's Anders brief or the trial record and therefore was
unable to prepare a satisfactory pro se response. Accordingly, we grant Appellant's motion for
rehearing and reinstate his appeal. After reinstatement, this cause is remanded to the trial court for
appointment of new appellate counsel, who shall file an appellate brief not later than thirty days after
the date of the order appointing new counsel. We overrule that portion of Appellant's motion for
rehearing that requests sanctions against Appellant's prior counsel.

 Motion for rehearing granted and cause reinstated.


Opinion delivered September 18, 2002.

Panel consisted of Gohmert, Jr., C.J., Worthen, J., and Griffith, J.











 


(DO NOT PUBLISH)